Richard J. Zwirn, Esq. Informal Opinion Town Attorney No. 96-7 Town of Moravia P. O. Box 631 Moravia, N Y 13118
Dear Mr. Zwirn:
You have asked whether the positions of member of the town board of assessment review and mayor of a village within the town are compatible and, therefore, may be held simultaneously by the same person.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v. Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status readily identifiable. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryancase is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
You have informed us that the town assessment roll is used by the village and that the town board of assessment review determines real property assessment grievances on behalf of the town and the village. Real Property Tax Law § 1402.
You believe that there is a conflict between the duties of these two positions in that when the mayor as a member of the board of assessment review reduces assessments for village taxpayers a shortfall will occur in revenue projections under the village budget. We do not see this as a source of conflict in that taxes are not levied for the ensuing year until after the completed and verified assessment roll is filed with the village clerk, reflecting any reductions by the board of assessment review. Id., §§ 1408, 1420. The tax rates would then be set by the village board of trustees so that revenue projections in the budget are achieved taking into consideration the assessed valuation of village property.
We do, however, see a conflict of duties in the holding of these two positions. The mayor, as a member of the board of assessment review, would hear grievances by both village taxpayers and taxpayers who reside in the area of the town outside the village. We believe that this creates a conflict in that the mayor may favor village grievants to the detriment of taxpayers residing outside the village. The mayor's loyalties are divided between village taxpayers, whom he serves as the chief executive officer of the village, and his duty to review impartially all grievances as a member of the board of assessment review. The favoring of village taxpayers would result in the payment of lower town taxes by these individuals as compared to residents of the town outside the village. While the mayor may perform his or her duties on the board of assessment review in a fair and impartial manner, the appearance of impropriety in holding these two positions cannot, in our view, be avoided. In order to maintain public confidence in government, even the appearance that governmental functions are not being performed solely in the public interest must be avoided.
We conclude that the positions of mayor of a village and member of the town board of assessment review are incompatible where the village uses the town assessment roll and the town board of assessment review hears grievances on behalf of the village and the town.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General in Charge of Opinions